IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04 CR 120-4 |
| ) | |
| FERNANDO ORTIZ, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM ORDER

Just before the commencement of his scheduled trial, Fernando Ortiz ("Ortiz") elected to change his earlier not guilty plea to a plea of guilty to the drug conspiracy charge in Count One.[1] As part of the procedure that this Court always follows in taking a guilty plea, it asked Ortiz to express in his own words just what he did in relation to the charged offense--an approach that this Court follows to make certain that a defendant himself or herself swears to the essential elements of the offense, rather than (for example) the recital being part of a lawyer-drafted plea agreement that may or may not be fully understood by the defendant.

In his statement Ortiz explained that all of his own drug-

---

[1] Ortiz is also charged in Counts Seven and Eight with violations of 21 U.S.C. §843(b)--the use of a communications device (a telephone) to facilitate the drug conspiracy. Although Ortiz' change of plea does not encompass those counts, it is anticipated that the conduct charged there will be taken into account at the time of Ortiz' sentencing on Count One, and the United States has accordingly stated its intention to dismiss those counts at the time of sentencing.

related conduct had taken place in Miami and that he had no contact at all with the Northern District of Illinois. This Court therefore took the proposed guilty plea under advisement, asking the prosecutor to provide relevant authority to establish venue in this judicial district.

In response Assistant United States Attorney Manish Shah has tendered a brief Government's Submission Concerning Venue, replete with citations to caselaw addressing the special rules in that respect when criminal conspiracies are involved. This Court has reviewed those authorities in conjunction with the government's earlier Santiago proffer, which had been filed when a trial was contemplated. From that review this Court is satisfied that venue as to Ortiz is properly lodged in the Northern District of Illinois pursuant to the indictment here. That has removed the only reason for this Court having taken Ortiz' guilty plea under advisement, and it is hereby accepted.[2]

                                    _/s/ Milton I. Shadur_
                                    Milton I. Shadur
                                    Senior United States District Judge

Date: May 24, 2006

---

[2] As a corollary to such acceptance, the exclusion of time for Speedy Trial Act purposes under 18 U.S.C. §3161(h)(1)(I) has terminated. That means the Speedy Trial Act clock begins to tick tomorrow, May 25, as to Counts Seven and Eight. Although that will pose no problem if sentencing proceeds on the scheduled July 24 date, the litigants should keep such timing issues in mind if they contemplate a change in the sentencing date for any reason.